# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

IN RE:   CHRISTOPHER BRIAN MCGUIRE
         and NONA LEEANN MCGUIRE

        Debtor.

CHRISTOPHER BRIAN MCGUIRE
and NONA LEEANN MCGUIRE,

        Plaintiffs,

v.	CIVIL ACTION NO.   5:13-mc-00128

JIM WALTER HOMES, LLC,

        Defendant.

### ORDER

The Court has reviewed the Defendant's *Motion to Withdraw the Reference* (Document 1) and accompanying *Memorandum in Support of the Motion to Withdraw the Reference* (Document 2), in which it requests that this Court withdraw the reference pursuant to 28 U.S.C. § 157(d) and exercise its original jurisdiction over the adversary proceedings.   The Court has also reviewed the *Stipulation and Order to Withdraw the Reference* (Document 4), wherein both parties agree to "withdraw the reference of this proceeding to the United States Bankruptcy Court for the Southern District of West Virginia." (Document 4 at 1.)

After careful consideration, the Court finds that the motion should be granted.  The Southern District of West Virginia's local rules declare that "all proceedings arising under Title 11

or arising in or related to a case under Title 11, are referred to the Bankruptcy Court for disposition." L.R. Civ. P. 83.13 (citing 28 U.S.C. § 157(a)).  The Court may, however, withdraw a reference "on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).  Six relevant factors courts examine when assessing whether to withdraw a reference for cause include:

> (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) promoting judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.

*In re U.S. Airways Group, Inc.*, 296 B.R. 673, 682 (E. D. Va. 2003).  While not dispositive, "the first factor – whether the matter is core or non-core – generally is afforded more weight than the others." *In re O'Brien*, 414 B.R. 92, 98 (S. D. W. Va. 2009).  The Court notes, however, that "[s]imply because the proceeding presents questions of state law does not necessarily mean that the proceeding is non-core or otherwise beyond the jurisdiction of the bankruptcy courts." *Blackshire v. Litton Loan Servicing, L.P.*, 2009 WL 426130 *2 (S. D. W. Va. 2009) (Goodwin, C. J.) (not reported).  Instead, to distinguish a core proceeding from a non-core one, courts should evaluate whether:

> (1) the claims are specifically identified as core proceedings under 28 U.S.C. § 157(b)(2).; (2) the claims existed prior to the filing of the bankruptcy case; (3) the claims are based entirely on state law or otherwise existed independently from title 11; and (4) the parties' rights or obligations are significantly affected by the outcome of the bankruptcy proceedings.

*Id*.

The Court finds that the matters underlying the current adversarial claims should be classified as non-core.  First, the current claims are not specifically identified as core proceedings

2

under 28 U.S.C. § 157(b)(2), and the claims – all involving West Virginia state law – are capable of resolution without reference to any Bankruptcy Code. Next, the claims existed prior to the filing of the bankruptcy case. Importantly, the Plaintiffs did not schedule any claims or exemptions against the Defendants in their original bankruptcy petition, and the current Defendants did not claim any interest, rights or obligations in that original bankruptcy case. Lastly, the parties' rights or obligations will not be significantly affected because the underlying bankruptcy proceeding has ended. Indeed, the original bankruptcy case ended in September of 2012, and was only re-opened after the Plaintiffs so moved in August, 2013.[1]

Finding that the instant claims involving West Virginia state law are non-core, withdrawal of the reference is further supported because the matter is before the Bankruptcy Court on a reference and will ultimately require submission of proposed findings of fact and conclusions of law by the Bankruptcy Judge. Removing the reference now and, thus, facilitating this Court's earlier review, will promote judicial economy and facilitate the most efficient use of the parties' resources. No questions are presented regarding the uniform administration of bankruptcy law and, thus, that factor receives no consideration. Finally, there are no facts indicating judicial or forum shopping, and while somewhat premature, the Court notes that there is already a pending dispute regarding the parties' consent to a jury trial before the Bankruptcy Court, as well as an issue of whether the Bankruptcy Court has the constitutional authority to finally hear and determine the instant proceeding. In conclusion, both parties stipulate their consent to the withdrawal.

---

1 The Plaintiffs now assert four claims for: (1) unconscionable inducement; (2) violation of W. Va. Code § 46A-2-110; (3) violation of W. Va. Code § 31-17-8(m)(4); and (4) violation of W. Va. Code § 46A-2-125(d).

Accordingly, after careful consideration and for the reasons stated herein, the Court finds that the *Motion to Withdraw the Reference* (Document 1) should be **GRANTED**. The Court **ORDERS** that the reference of Adversary Proceeding No. 5:13-AP-05014 in the Christopher McGuire and Nona McGuire Chapter 7 case, U.S. Bankruptcy Court Case No. 5:12-bk-50102, be **WITHDRAWN**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to The Honorable Robert Pearson, United States Bankruptcy Court for the Southern District of West Virginia, to counsel of record, and to any unrepresented party.

ENTER: December 13, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA